UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FILED

2007 JUL 11 PM 2: 40

MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

CLIFTON GREEN,

Plaintiff,

vs.

Case No.   2:07-cv-303-FtM-34DNF

ERIC TUCKER,

Defendant.

---

## ORDER OF DISMISSAL WITHOUT PREJUDICE[1]

This matter comes before the Court upon review of Plaintiff's Amended Complaint (Doc. #7) filed May 30, 2007.  Plaintiff, a pretrial detainee who is currently confined in the Lee County Jail is proceeding *pro se*.  He initially filed a civil rights complaint form pursuant to 42 U.S.C. § 1983 on May 8, 2007 (Doc. #1) and subsequently amended it on May 30, 2007, in response to the Court's Order to Show Cause (Doc. #6).  The Court issued the Show Cause Order because it appeared that this action would be barred at this time under Heck v. Humphrey, 512 U.S. 477 (1994).  Plaintiff requests to proceed *in forma pauperis* in this action (Doc. #2).

I.

The allegations in Plaintiff's Amended Complaint pertain to the legality of an arrest warrant that was obtained by the defendant, Plaintiff's probation officer, which ultimately resulted

---

[1]This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically.  However, it has been entered only to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

SCANNED

in Plaintiff's arrest and current confinement in the Lee County Jail. Plaintiff admits that he filed a motion to dismiss the criminal charges, which remains pending, presumably in the state court. Amended Complaint at 10. As relief, Plaintiff seeks compensatory and punitive damages, as well as various forms of injunctive relief. Id.

## II.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Liberally construing Plaintiff's Amended Complaint, it appears that Plaintiff seeks to have this Court declare that the warrant obtained by Defendant was improper, thus invalidating Plaintiff's current confinement.

III.

Assuming for purposes of review of the Amended Complaint that Plaintiff could prove that the Defendant committed any alleged impropriety, Plaintiff's Amended Complaint must nonetheless be dismissed for failure to state a claim.  A claim challenging unlawful conduct which leads to an unconstitutional imprisonment cannot proceed unless the plaintiff shows that the challenged imprisonment was reversed, expunged or otherwise invalidated as required by the Heck standard:

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence;  if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (emphasis original). See also Koger v. Florida, 2005 WL 1027204, (11th Cir. May 3, 2005).  Plaintiff admits that he was arrested on a warrant alleging a probation violation, which he challenges is false and was unlawfully obtained by defendant.  Amended Complaint at 8.

Therefore, Plaintiff cannot state a cause of action to sustain his § 1983 action challenging the legality of the warrant consistent with Heck. Moreover, Plaintiff admits that he has a motion to dismiss the criminal charges currently pending in the state court, which Plaintiff believes "should be granted." Amended Complaint at 10. It is not within the purview of the federal court to intervene in Plaintiff's underlying pending criminal proceedings. See Younger v. Harris, 401 U.S. 37 (1971) (holding that federal courts should abstain from interfering with pending state proceedings when the pending state proceedings are judicial in nature, the proceedings involve important state interests, and the proceedings offer adequate opportunity to raise any constitutional issues).

Consequently, the Court concludes that no relief could be granted against the Defendant under any set of facts that could be proved consistent with the allegations in Plaintiff's § 1983 Amended Complaint. Lewis v. City of St. Petersburg, 260 F.3d 1260, 1262 (11th Cir. 2001) (citing Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)). Thus, for the reasons stated above, Plaintiff has failed to state a cognizable claim under § 1983 and consequently, this case will be dismissed.

ACCORDINGLY, it is now **ORDERED**:

1. Plaintiff's Amended Complaint (Doc. #7) is **DISMISSED without prejudice.**

    2.    The **Clerk of Court** shall: 1) enter judgment accordingly; 2) terminate any pending motions; and 3) close this case.

    **DONE AND ORDERED** in Ft. Myers, Florida, on this ___11th___ day of July, 2007.


MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE


SA: hmk/alj
Copies: All Parties of Record